F. Christopher Austin (Bar No. 6559)
austinc@gtlaw.com
Laraine M. I. Burrell (Bar No. 8771)
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel For Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MEDTRAK VNG, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACUNETX, INC., a Nevada corporation, and CHAPIN HUNT, an individual,<br><br>Defendants. | CASE NO. 2:12-CV-853<br><br>**TEMPORARY RESTRAINING ORDER** |

THE COURT, having reviewed and considered Plaintiff's Application for Temporary Restraining Order ("Application"), the exhibits filed in connection therewith, and the pleadings of this case, and having held a hearing on the same on _____, 2012, in which the Court entertained the arguments of counsel and representatives for each of MEDTRAK VNG, INC, ACUNETX, INC., and CHAPIN HUNT, finds and orders as follows:

1. On or about March 23, 1994, the FDA issued a 510(k) Registration (FDA 510(k) Number K925111) for the VNG device at issue. This FDA 510(k) Registration was originally issued to Eye Dynamics, Inc. ("EDI"), AcuNetx's predecessor in interest.

2. Under the terms of a 2004 Software Ownership Agreement, the VNG Software used in relation to the VNG device was assigned and sold to MedTrak and licensed back to EDI/AcuNetx to facilitate continued manufacture of the systems. Plaintiff, MedTrak, has

- 1 -

419,778,232v1 LV 138107.010500

1  subsequently filed two United States Copyright applications for the VNG Software: an application for the original computer program, "VNG Software 1.0" (Application Number 1-757251911) and a derivative application for the latest version of the VNG Software in Plaintiff's possession, "VNG Software V2.41" (Application Number 1-757283281), the version currently used by MedTrak.

3.  AcuNetx failed to cure numerous defaults in 2006 and 2009 Marketing Agreements with MedTrak.

4.  On or around December 7, 2011, AcuNetx CEO and Chairman of the Board, Defendant Hunt, traveled to Arizona to meet with MedTrak in an effort to preserve the relationship. To secure an agreement with MedTrak to continue to do business with AcuNetx, on December 7, 2011, Hunt on behalf of AcuNetx signed a letter assigning exclusive ownership of the FDA 510(k) K925111 Registration to MedTrak (the "510(k) Registration Assignment").

5.  The following day, on December 8, 2011, AcuNetx entered into an Agreement with MedTrak (the "2011 Agreement") acknowledging the default by AcuNetx of the 2006 and 2009 Marketing Agreements and acknowledging that MedTrak had exercised its rights to the exclusive ownership of the FDA 510(k) K925111 Registration. In the 2011 Agreement, AcuNetx reaffirmed the transfer to MedTrak of all rights in and to the FDA 510(k) K925111 Registration and acknowledged that AcuNetx "will have no future rights or title" to the K925111 Registration. AcuNetx further recognized in the 2011 Agreement that MedTrak owns all intellectual property and confidential information related to the AcuNetx VNG systems and MedTrak has the right in its "sole and absolute discretion to have any and all products related to VNG manufactured by other manufacturers."

6.  AcuNetx further agreed to provide any and all "confidential source codes, all intellectual property associated with the VNG products, schematics, lists of contractors, proprietary information and trade secrets, algorithms, and any and all information needed to manufacture, maintain, and repair the products" to MedTrak. Pursuant to AcuNetx's request, MedTrak agreed to enter into a license agreement to continue to have AcuNetx manufacture MedTrak's VNG products. This "License Agreement" was also executed on December 8, 2011

419,778,232v1 LV 138107.010500

(the "2011 License Agreement") and was attached as Exhibit A to the 2011 Agreement.

7.  Within a few weeks, AcuNetx breached the 2011 Agreement and License Agreement.  Pursuant to the 2011 License Agreement, MedTrak had the right to revoke the agreement "at its sole discretion, by giving AcuNetx five (5) days notice of such a revocation for which AcuNetx specifically agrees that there will be no ability to cure" and which shall be "unchallengeable and final after said five (5) day period."

8.  On January 23, 2012, MedTrak Technologies, Inc., sent a letter to AcuNetx notifying it of the transfer of MedTrak Technologies' rights, including its rights under the 2011 License Agreement, to its successor, Plaintiff MedTrak VNG.  On the same day, January 23, 2012, MedTrak VNG notified AcuNetx that it had terminated the 2011 License Agreement ("License Termination").

9.  Pursuant to the License Termination and the 2011 License Agreement, the 2011 License Agreement terminated five days later on January 28, 2012, and AcuNetx was prohibited from that day forward from representing itself as a listed FDA 510(k) manufacturer of the 510(k) K925111 VNG devise, from holding itself out as a manufacturer of such VNG devices or from manufacturing, producing, or marketing such devices.

10.  Despite lacking any lawful right or title to do so, in or around January 2012, AcuNetx secured its own new 510(k) registration number for the same VNG device ("AcuNetx's Fraudulent Registration").  In email correspondence, Hunt represented that AcuNetx still owns the 510(k) K925111 Registration even after he personally signed the 510(k) Registration Assignment to MedTrak and the 2011 Agreement assigning and transferring all right, title and ownership of the VNG 510(k) Registration to MedTrak.  Defendants have made similar representations to Plaintiff's vendors, clients, and potential clients.

11.  Shortly thereafter on February 2, 2012, AcuNetx posted on its website at <www.AcuNetx.com>, a Shareholder Letter which publicly disparages the Plaintiff and insinuated that Plaintiff had been involved in some criminal conspiracy to deprive AcuNetx of the FDA 510(k) when it had not.

. . .

419,778,232v1 LV 138107.010500

12. MedTrak will likely succeed on the merits of its claim that it is the owner of the Copyrights and other Intellectual Property related to the VNG Software and devices and that Defendants have infringed its rights through wrongful claims of ownership in, and use of, the VNG Software and devices. MedTrak will likely suffer irreparable harm if an injunction does not issue enjoining Defendants from claiming ownership in, and use of, the VNG Software and devices.

13. The balance of the harms favors MedTrak as vendors are refusing to supply it with the parts needed to create new VNG devices for sale, and for maintaining previously sold devices, based upon Defendants misrepresentations on who owns the rights to the VNG Software and devices. This in turn is causing MedTrak irreparable loss and economic harm. Defendants will not be harmed if they are enjoined from using VNG Software and devices they do not own, nor have any lawful right to use.

14. A bond of $1,000.00 is proper and sufficient security for this Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that MedTrak's Application for Temporary Restraining Order is GRANTED:  Defendants, and each of them, their agents, assigns, representatives, affiliates, and any person acting on their behalf are hereby enjoined from:

1. Making any representation that they have any ownership in, or rights to, the VNG Software, the VNG FDA 510(k) Registration (FDA 510(k) Number K925111) or any subsequent FDA 510(k) registration based thereon (including, without limitation FDA 510(k) Number 2028047 and 3009391819) and related intellectual property in Plaintiff's VNG device;

2. Making any representation that MedTrak does not own, or have rights to, the VNG Software, the FDA 510(k) registration (FDA 510(k) Number K925111) or any subsequent FDA 510(k) registration based thereon (e.g. FDA 510(k) 3009391819) and related intellectual property in Plaintiff's VNG device;

3. Engaging in any infringing conduct including without limitation, the manufacture, sale, distribution, marketing or offering of Plaintiff's VNG device or the copying distribution, or use of the VNG Software;

4. Contacting any prior, current, or known potential clients, customers, users, vendors or distributors of the Plaintiff or Plaintiff's VNG devices in relation to the VNG Software or the VNG devices;

- 4 -

419,778,232v1 LV 138107.010500

1   IT IS FURTHER ORDERED that Defendants shall Remove the February 2, 2012
2   Shareholder Letter, and any similar letter, from Defendants' website, and shall not post or repost
3   any similar letter while this lawsuit is pending.
4   IT IS FURTHER ORDERED that this Order shall not be entered but upon the posting of a
5   bond by Plaintiff in the amount of One Thousand Dollars ($1000.00).
6   DATED: this _____ day of June, 2012.

            _____
            Lloyd D. George
            U.S. District Judge

419,778,232v1 LV 138107.010500