John N. Brewer (Bar No.1228)
brewerj@gtlaw.com
Tyler R. Andrews (Bar No.9499)
andrewst@gtlaw.com
Laraine M. I. Burrell (Bar No. 8771)
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel For Plaintifs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MEDTRAK VNG, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACUNETX, INC., a Nevada corporation, and CHAPIN HUNT, an individual,<br><br>Defendants. | CASE NO. 2:12-CV-853-LDG-GWF<br><br>**PERMANENT INJUNCTION ORDER** |

THE COURT, having reviewed and considered Plaintiff MedTrak VNG, Inc. ("MedTrak")'s Motion for Preliminary Injunction ("Motion") against Defendants AcuNetx, Inc. ("AcuNetx") and Chapin Hunt ("Hunt"), the exhibits and pleadings filed in connection therewith, and having issued an Order [Doc. 21] directing Defendants to file an opposition to the same by July 20, 2012 and all pleadings of record in this matter, and having received affidavits showing such service to have taken place by June 5th and 6th, 2012, and finding that as of July 25, 2012, Defendants have not filed any opposition to such Motion, and finding good cause therefor. Accordingly,

THE COURT HEREBY ORDERS that Plaintiff's Motion for a Preliminary Injunction against Defendants is GRANTED;

- 1 -

     THE COURT FURTHER ORDERS that based on the Court's previous findings of fact and conclusions of law as set forth in the Temporary Restraining Order (Docket No. 22), Defendants' failure to appear or oppose the instant Motion, and the recent entry of default against Defendants, that the Motion is ripe for consolidation with trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2), and that the requested injunctive relief shall be PERMANENT AND FINAL.

     THE COURT FURTHER FINDS AS FOLLOWS IN SUPPORT OF THE SAME:

1. This Court has jurisdiction over the Defendants and the subject mater of this action.

2. MedTrak has succeeded on the merits of its claim that it is the owner of the Copyrights and other Intellectual Property related to the video nystagmographic ("VNG") Software and devices and that Defendants have infringed Plaintiff's rights through wrongful claims of ownership in and use of the VNG Software and the FDA 510(k) Registrations and by continuing to manufacture, market and service VNG devices incorporating such intellectual property after having been terminated as a licensee of such intellectual property by Plaintiff.

3. MedTrak will likely suffer irreparable harm if an injunction does not issue enjoining Defendants from claiming ownership in, and use of, the VNG Software, the FDA 510(k) Registrations and the VNG devices, and from manufacturing, marketing or servicing such VNG devices or systems incorporating MedTrak's intellectual property.

4. The balance of the harms favors MedTrak, as its entire business, including all good will therein is dependant upon exclusive control over its intellectual property rights. Thus, absent an injunction against the wrongful actions of Defendants, Plaintiff's very existence is threatened. Defendants' on the other hand merely suffer money damages by enforcing Plaintiff's revocation of Defendant AcuNetx's license to manufacture Plaintiff's products.

     THE COURT FURTHER ORDERS that Defendants, and each of them, their agents, assigns, representatives, affiliates, and any person acting on their behalf are hereby enjoined from:

     1.    Making any representation that they have any ownership in, or rights to, the VNG Software, the VNG FDA 510(k) Registration (FDA 510(k) Number K925111) or any subsequent FDA 510(k) registration based thereon (including, without limitation FDA 510(k) Number 2028047 and 3009391819) and related intellectual property in Plaintiff's VNG device;

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 419,815,010v2 7-25-12

2. Making any representation that MedTrak <u>does not</u> own, or have rights to, the VNG Software, the FDA 510(k) registration (FDA 510(k) Number K925111) or any subsequent FDA 510(k) registration based thereon (e.g. FDA 510(k) 3009391819) and related intellectual property in Plaintiff's VNG device;

3. Engaging in any infringing conduct including without limitation, the manufacture, sale, distribution, marketing or offering of Plaintiff's VNG device or the copying distribution, or use of the VNG Software;

4. Contacting any prior, current, or known potential clients, customers, users, vendors or distributors of the Plaintiff or Plaintiff's VNG devices in relation to the VNG Software or the VNG devices;

IT IS FURTHER ORDERED that Defendants shall Remove the deceptive February 2, 2012 Shareholder Letter, and any similar letter, from Defendants' website, and shall not post or repost any similar letter at any time in the future.

IT IS FURTHER ORDERED that any bond previously posted by Plaintiffs may be immediately refunded.

IT IS FURTHER ORDERED that this Order shall be FINAL and BINDING on Plaintiffs from this date forward.

Dated this 2nd day of August, 2012.

_____
United States District Judge

LV 419,815,010v2 7-25-12