UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MEDTRAK VNG, INC.,

    Plaintiff,

v.

ACUNETX, INC., *et al*.,

    Defendants.

Case No. 2:12-cv-00853-LDG (GWF)

**ORDER**

    Presently before the Court is defendant Chapin Hunt's Motion to Set Aside Default (#38), which motion the plaintiff, MedTrak VNG, Inc., opposes (#41).

Background

    The plaintiff, MedTrack VNG, Inc. (MedTrak) filed the instant suit on May 19, 2012, against defendants AcuNetx, Inc. and Chapin Hunt.  Medtrak filed a proof of service (#5) establishing that AcuNetx was served with the summons and complaint on May 21, 2012, by means of service of these documents upon Denise Perry of GKL Resident Agents / Filings Inc., who was designated by law to accept service on behalf of AcuNetx.  MedTrak filed an affidavit of service (#10) establishing that on May 24, 2012, Hunt was served with the summons and complaint by means of delivery of these documents to "Jack Fergueson as co-occupant at the address of: 2301 West 205th Street Suite 102, Torrance, CA 90501."

Though Hunt was actually aware of the lawsuit, and believed that he had been served in May, he had not filed an answer or otherwise appeared as of June 27, 2012, when MedTrak requested an entry of default against him. Default was entered against Hunt on June 28, 2012.

On June 8, 2012, MedTrak moved for a temporary restraining order and a preliminary injunction. These papers, and related papers, were served on Hunt. On June 13, 15, and 27, MedTrak filed additional papers relating to the motions for a TRO and preliminary injunction, which additional papers were served on Hunt. On June 29, 2012, the Court granted the TRO, and set a hearing on the motion for preliminary injunction for August 2, 2012. This Order was served on Hunt. On July 25, 2012, MedTrak filed a notice that neither Hunt nor AcuNetx had opposed its motion for preliminary injunction. This document was served on Hunt. On August 2, 2012, the Court held the hearing on MedTrak's motion for preliminary injunction. Hunt did not appear at this hearing.

On August 3, 2012, Hunt filed a Voluntary Chapter 7 Petition for Bankruptcy in the Northern District of California.

On August 6, 2012, Hunt signed an SEC Form 8-K for AcuNetx. That document states, in pertinent part, that "[o]n May 21, 2012, AcuNetx and Chapin Hunt Jr, CEO, were served a lawsuit filed by MedTrak VNG. . . ."

On August 8, 2012, Hunt's present counsel filed a notice of automatic stay in this action, providing notice that Hunt had filed a petition for bankruptcy on August 3, 2012. Counsel further notified that he had been retained, effective August 8, 2012, to represent Hunt in this matter. On August 14, 2012, Hunt's present counsel filed a notice of appearance on behalf of Hunt in this matter. Hunt filed his motion to set aside default on September 13, 2012, asserting that Medtrak failed to properly serve the summons and complaint on Hunt, as required to establish this Court's jurisdiction over Hunt.

On August 22, 2012, the Bankruptcy Court dismissed Hunt's bankruptcy petition.

Analysis

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. Pro. 55(c). The "'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Rests Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). The Ninth Circuit has recognized three factors to be considered in determining good cause: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *See also, Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). In the Rule 55(c) context, however, the test is applied more liberally than in the Rule 60(b) context. *See United States v. Mesle*, 615 F.3d 1085, 1091 fn. 1 (9th Cir. 2010). Regarding culpable conduct, "[t]he usual articulation of the governing standard, oft repeated in our cases, is that 'a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.'" *TCI Group,* 244 F.3d at 697 (*citing Alan Neuman Prods. v. Albright,* 862 F.2d 1388, 1392 (9th Cir.1988)). Implicit in the requirement of actual or constructive notice is that the defendant was served a copy of the summons and complaint in substantial compliance with Rule 4. *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 853 (9th Cir.1992) ("[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process"); *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986) ("[b]ecause they had notice of the complaint, and because the service by [plaintiffs] was valid, the [defendants'] failure to answer was culpable").

Rule 4(c) requires that "[a] summons must be served with a copy of the complaint." Rule 4(e) provides that an individual may be served with copies of these documents by (1) delivering them to the individual personally, (2) leaving them at the individual's dwelling or

usual place of abode with someone of suitable age and discretion residing there, (3) delivering them to an agent authorized by appointment or law to receive service of process, (4) following the state law for serving summons in the state in which the district court is located, or (5) following state law for serving summons in the state in which service is being made.

MedTrak refers to and offers evidence of numerous instances in which Hunt was served (or attempted to be served) with documents associated with this action.  At issue, however, is not whether Hunt was served with copies of motions or other documents but whether he was served with a copy of the summons and complaint.  As to the service of the summons and complaint, MedTrak identifies only two instances in which they caused service to be made or attempted.  First, on May 21, 2012, a copy of the summons and complaint was served on Denise Perry of GKL Resident Agents / Filings Inc., who was designated by law to accept service on behalf of AcuNetx.  In opposing Hunt's motion, MedTrak makes the terse and conclusory statement that "this legally constituted actual service on both AcuNetx and Hunt (the corporation's President and CEO). . . ."  In opposing the motion to set aside, MedTrak acknowledges that it brought its claims against Hunt individually, for his individual wrongful activities.  MedTrak, however, has not offered any authority or argument explaining how service upon a corporation's resident agent would constitute service upon an individual, for claims against the individual for his individual wrongful activities, merely because that person serves as the CEO or President of the corporation.  Nor has MedTrak offered any evidence indicating that Denise Perry was either appointed or authorized by law to receive service of process on behalf of Hunt.  The Court concludes that the May 21, 2012, service of the summons and complaint on Denise Perry did not substantially comply with the requirements of Rule 4(e) to constitute service upon Hunt as an individual.

4

Second, MedTrack has offered evidence that on May 24, 2012, a copy of the summons and complaint were delivered to "Jack Fergueson as co-occupant at the address of: **2301 West 205th Street Suite 102, Torrance, CA 90501**, the within named person's [Chapin Hunt's] usual place of **Abode**, who resides therein. . . ." Hunt has submitted an affidavit that 2301 West 205th Street, Suite 102, Torrance, CA 90501 is not his dwelling or usual place of abode, but is instead the offices of AcuNetx. While MedTrak notes that the complaint was served upon Jack Fergueson at the "Defendant's Torrance, California address," MedTrak has not offered any evidence disputing Hunt's assertion that this address is not Hunt's dwelling or usual place of abode. Thus, this attempted service on Hunt did not comply with Rule 4(e)(2)(B)'s provision for leaving a copy of the summons and complaint at an individual's dwelling or usual place of abode.

MedTrak asserts the complaint was validly served on June 12, 2012,[1] but fails to reference or identify the method of service by which this was accomplished. Entirely absent from MedTrak's response is any argument that specifically indicates how the May 24, 2012, attempted service substantially complied with any of the various methods of service recognized under either California, Nevada or federal law.

Finally, MedTrak asserts that Hunt expressly acknowledged that he was properly served when, as CEO of AcuNetx, he stated in an SEC Form 8-K filed by AcuNetx, that "[o]n May 21, 2012, AcuNetx and Chapin Hunt Jr., CEO, were served a lawsuit filed by MedTrak VNG, owned and operated by Scott Auerbach." While the Form 8-K statement certainly establishes that Hunt was aware of the suit, and while it states that "Hunt [was] served," the Court cannot find that the statement expresses a determination (or concession) by Hunt that either of the service attempts upon him was legally sufficient. Absent from the Form 8-K statement is any acknowledgment by Hunt of those facts

---

[1] June 12, 2012 is the date that MedTrak filed the affidavit of service with the Court regarding the May 24, 2012, attempted service at the Torrance, California address.

5

necessary to establish he was properly served pursuant to any of the methods by which he could have been served.  As MedTrak has not shown Hunt was properly served, Hunt's statement in the Form 8-K amounts, at most, to a statement of belief regarding the attempted service, which belief has now been shown, through counsel, to have been incorrect.

Accordingly, as the record establishes only two distinct efforts to serve the summons and complaint occurred in this action, and as neither attempt constituted proper service upon Hunt, individually,

THE COURT **ORDERS** that defendant Chapin Hunt's Motion to Set Aside Default (#38) is GRANTED;

THE COURT **ORDERS** that the default against defendant Chapin Hunt, individually, and only the default against Chapin Hunt, individually, is hereby set aside.

THE COURT FURTHER **ORDERS** that defendant Chapin Hunt shall have 21 days from the date of this Order to file an answer or other appropriate responsive pleading.[2]

DATED this ___10___ day of December, 2012.

_____
Lloyd D. George
United States District Judge

---

[2] At oral argument, Hunt suggested that (assuming the Court granted his motion to set aside) he might bring a further motion challenging personal jurisdiction. Hunt, however, waived his opportunity to raise any defense specified in Rules 12(b)(2), (3), or (4) by failing to raise them in his Rule 55(c) motion, which rested upon insufficient service of process, a Rule 12(b)(5) defense. *See Hayhurst*, 227 F.3d at 1107.