1  CRAIG J. MARIAM, ESQ.
   Nevada Bar No. 10926
2  JOSEPH P. HARDY, ESQ.
   Nevada Bar No. 7370
3  GORDON & REES LLP
   3770 Howard Hughes Parkway, Suite 100
4  Las Vegas, Nevada 89169
   Telephone: (702) 577-9300
5  Facsimile: (877) 306-0043
   Email: cmariam@gordonrees.com
6  Email: jhardy@gordonrees.com

7  *Attorneys for defendant Chapin Hunt*

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

10  MEDTRAK VNG, INC., a Nevada corporation, )  CASE NO. 2:12-cv-00853-LDG-GWF
                                             )
11              Plaintiff,                   )  **NOTICE OF MOTION AND MOTION
                                             )  TO DISMISS FOR FAILURE TO STATE
12  v.                                       )  A CLAIM; MEMORANDUM OF
                                             )  POINTS AND AUTHORITIES IN
13  ACUNETX, INC., a Nevada corporation, and )  SUPPORT THEREOF**
    CHAPIN HUNT, an individual,              )
14                                           )
                Defendants.                  )
15                                           )
                                             )
16  _____ )

17      TO THIS HONORABLE COURT, THE PARTIES, AND THEIR RESPECTIVE

18  ATTORNEYS OF RECORD:

19      PLEASE TAKE NOTICE that before the Honorable Lloyd D. George of the above-

20  entitled Court located at 333 S. Las Vegas Blvd., Las Vegas, NV 89101, defendant Chapin Hunt

21  will and hereby does respectfully move this Honorable Court for an order for dismissal of all

22  seventeen claims alleged in the complaint filed by plaintiff Medtrak VNG, Inc., without leave to

23  amend, on the grounds that plaintiff has failed to state a claim upon which relief can be granted

24  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

25      This motion is based on is based on this notice of motion and motion, the attached

26  memorandum of points and authorities, the Court files and records of this action, all matter

27  / / /

28  / / /

*Gordon & Rees LLP*
*3770 Howard Hughes Parkway, Suite 100*
*Las Vegas, Nevada 89169*

1  subject to judicial notice, and on such oral argument and testimony as may be heard by the Court

2  at the time of the hearing of this motion.

3         DATED this 27th day of December, 2012.

4                        Respectfully submitted,

5                        GORDON & REES LLP

6                        /s/ Craig J. Mariam

7                        CRAIG J. MARIAM, ESQ.
                      Nevada Bar No. 10926

8                        JOSEPH P. HARDY, ESQ.
                      Nevada Bar No. 7370

9                        3770 Howard Hughes Parkway, Suite 100
                      Las Vegas, Nevada   89169

10                       Attorneys for defendant Chapin Hunt

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 2:12-cv-00853-LDG-GWF

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................. 1

II.    FACTUAL BACKGROUND ................................................ 1

       A.     Statement of Facts as Alleged in the Complaint ................. 1

       B.     Procedural History ....................................................... 2

III.   LEGAL STANDARD ........................................................ 3

IV.    DISCUSSION .................................................................. 3

       A.     Plaintiff's Claims for Deceptive Trade Practices, Unfair Competition, Misappropriation of Intellectual Property, Fraud in the Inducement, Commercial Defamation, Intentional Interference, Breach of the 2011 Agreement, and Breach of the Covenant of Good Faith and Fair Dealing in the 2011 Agreement are Preempted By Federal Law. ............................................. 3

              1.     The Copyright Act preempts plaintiff's state deceptive trade practices and common law unfair competition claims. ............................ 4

              2.     The FDCA preempts plaintiff's FDA 510(k) registration-related claims. ......................................................... 7

       B.     Plaintiff Failed to Plead Sufficient Facts to Support its Claims Against Mr. Hunt. .......................................................... 10

       C.     Plaintiff Failed to Plead Sufficient Facts of Participation or Alter Ego. ............. 12

       D.     Mr. Hunt's Motion Should be Granted Without Leave to Amend. ..................... 14

V.     CONCLUSION ................................................................. 15

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **TABLE OF AUTHORITIES**

2

Page

3

**Cases**

4

*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*,
  855 F.2d 1470 (9th Cir. 1988) ............................................................................ 2

5

*Albrecht v. Lund*,
  845 F.2d 193 (9th Cir. 1988), amended by 856 F.2d 111 (9th Cir. 1988)............................... 14

6

7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................... passim

8

9

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1990) ............................................................................... 3

10

*Basic Mgmt. Inc. v. United States*,
  569 F. Supp. 2d 1106 (D. Nev. 2008)..................................................................... 14

11

12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................ 3, 10, 14

13

*Buckman Co. v. Plaintiffs' Legal Committee*,
  531 U.S. 341 (2001) ..................................................................................... 7, 8

14

*Calloway v. City of Reno*,
  116 Nev. 250, 993 P.2d 1259 (2000) ....................................................................... 11

15

16

*Cline v. Indus. Maint. Eng'g & Contracting Co.*,
  200 F.3d 1223 (9th Cir. 2000) ............................................................................. 14

17

18

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ......................................................................... 3, 10

19

*Del Madera Properties v. Rhodes & Gardner, Inc.*,
  820 F.2d 973 (9th Cir. 1987) ............................................................................... 4

20

21

*Kodadek v. MTV*,
  152 F.3d 1209 (9th Cir. 1998) ........................................................................... 4, 5

22

*Laws v. Sony Music Entertainment, Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ............................................................................... 4

23

24

*Montgomery v. eTrepped Techs., LLC*,
  2007 U.S. Dist. LEXIS 20208 (D. Nev. Mar. 20, 2007) ............................................. 4, 5, 6, 7

25

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir. 2009) ............................................................................... 3

26

27

*North Arlington Medical Bldg., Inc. v. Sanchez Constr. Co.*,
  86 Nev. 515, 471 P.2d 240 (1970) ........................................................................ 14

28

**Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

ii

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,*
   806 F.2d 1565 (Fed. Cir. 1986) .................................................................. 13

*Outdoor Media Group, Inc. v. City of Beaumont*,
   506 F.3d 895 (9th Cir. 2007) ..................................................................... 3

*PhotoMedex, Inc. v Irwin,*
   601 F.3d 919 (9th Cir. 2010) ............................................................... 7, 8, 9

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) .................................................................. 14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ............................................................... 3, 12

*Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.,*
   307 F.3d 775 (9th Cir. 2002) ..................................................................... 6

*Tene v. BAC Home Loan Servicing LP,*
   2012 U.S. Dist. LEXIS 8285 (D. Nev. Jan. 24, 2012) ............................. 11

*Valente-Kritzer Video v. Pinckney*,
   881 F.2d 772 (9th Cir, 1989) ..................................................................... 4

**Statutes**

17 U.S.C. § 102 ............................................................................................ 6

17 U.S.C. § 301 ............................................................................................ 1

17 U.S.C. § 301(a) ....................................................................................... 4

21 U.S.C. § 337(a) .................................................................................... 1, 7

21 USCS § 301 ............................................................................................. 7

Fed. R. Civ. P. 12(b)(6) ............................................................................... 3

Nevada Revised Statute 78.747(2) ............................................................ 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway, Suite 100**
**Las Vegas, Nevada 89169**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff MedTrak VNG, Inc.'s ("MedTrak") claims against Chapin Hunt ("Mr. Hunt") are fatally flawed and must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim against upon which relief may be granted.  First, many of plaintiff's claims fail because they are preempted by federal law.  For instance, plaintiff's deceptive trade practice and common law unfair competition claims are preempted by the Copyright Act (17 U.S.C. § 301).  Additionally, plaintiff's lack standing to assert its common law claims for misappropriation of intellectual property, fraud in the inducement, commercial defamation, intentional interference, and breach of the 2011 Agreement because they are preempted by the Food, Drug, and Cosmetic Act ("FDCA") (21 U.S.C. § 337(a)) which precludes private enforcement for violations of the Act.

Second, MedTrak has inappropriately alleged claims against Mr. Hunt that are generically stated and apparently, if at all, should have been brought solely against defendant AcuNetx Inc. ("AcuNetx").  This flaw is made obvious by plaintiff's failure to plead sufficient facts to support its claims against Mr. Hunt in his individual capacity.  For example, the specific facts supporting plaintiff's claims are alleged against AcuNetx alone, but then the elements of the claims are generically asserted against both AcuNetx and Mr. Hunt.  MedTrak must plead sufficient specific facts to support its claims against Mr. Hunt.  Merely adding Mr. Hunt to the recitation of the legal elements does not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")  Third, insofar as plaintiff's claims stem from Mr. Hunt's role as the Chief Executive Officer ("CEO") of AcuNetx, plaintiff has also failed to plead sufficient facts to support its alter ego allegations.  As such, all claims asserted against Mr. Hunt must be dismissed without leave to amend.

### II.    FACTUAL BACKGROUND

**A.    Statement of Facts as Alleged in the Complaint**

MedTrak is a Nevada corporation in the business of selling medical devices used in the

1   diagnoses of equilibrium disorders.  Complaint, ¶ 1.  Defendant AcuNetx, a Nevada corporation

2   that operates out of Torrance, California, was in the business of manufacturing video

3   nystagmography ("VNG") devices that had been distributed by MedTrak.  Complaint, ¶¶ 2, 9,

4   19, 20.  A VNG device is a device that is used in the diagnosis of balance and equilibrium

5   disorders.  Complaint, ¶ 9.  Defendant Chapin Hunt, a California resident, became the CEO of

6   AcuNetx in 2011, after the previous CEO was fired for mismanaging the business.  Complaint,

7   ¶¶ 3, 52.

8        At some point in or about December 2011, MedTrak and AcuNetx became embroiled in a

9   dispute related to the Food and Drug Administration ("FDA") 510(k) registration for the VNG

10  device manufactured by AcuNetx.  The parties disagree on many things, including whether

11  AcuNetx or MedTrak is the rightful owner of the 510(k) registration.  Although MedTrak alleges

12  AcuNetx assigned its rights to the 510(k) registration to MedTrak in December 2011, it is Mr.

13  Hunt's position that any purported assignment was not valid nor legally obtained.  Complaint,

14  ¶ 60.

15       Having been unable to resolve their disputes, on May 19, 2012, MedTrak filed a

16  complaint against defendants AcuNetx and Chapin Hunt alleging seventeen claims for relief.

17  (Dkt. 1).  All of plaintiff's claims stem from business relations between Medtrak and AcuNetx

18  concerning AcuNetx's manufacture and MedTrak's distribution of the VNG device.

19  **B.**   **Procedural History**

20       Without properly having served Mr. Hunt, Medtrak obtained a default against him.  On

21  September 13, 2012, Mr. Hunt filed a motion to set aside the default on the basis of improper

22  service.  This Court heard this motion on November 29, 2012 and, on December 10, 2012, this

23  Court granted Mr. Hunt's motion to set aside the default.  In its order, the Court properly advised

24  the parties that a Rule 12(b)(2), (3), or (4) motion could not – at this time – be brought.  Court

25  Order to Motion to Set Aside Default, Footnote 2.  The same cannot be said for a Rule 12(b)(6)

26  motion and, therefore, Mr. Hunt respectfully brings the instant motion.  *Aetna Life Ins. Co. v.*

27  *Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) ("This circuit allows a motion

28  under Rule 12(b) any time before the responsive pleading is filed.")

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

2

## III.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed when the plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), quoting *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations in the complaint as true and construes the complaint in the light most favorable to the nonmoving party.  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  Nevertheless, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor is a court "bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. , quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As set forth by the Ninth Circuit:

> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.

*Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Bald allegations standing alone without factual content to bolster them are not enough.  *Id*. at 970.

## IV.   DISCUSSION

**A.   Plaintiff's Claims for Deceptive Trade Practices, Unfair Competition, Misappropriation of Intellectual Property, Fraud in the Inducement, Commercial Defamation, Intentional Interference, Breach of the 2011 Agreement, and Breach of the Covenant of Good Faith and Fair Dealing in the 2011 Agreement are Preempted By Federal Law.**

Several of plaintiff's claims must be dismissed as the state and common law legal

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

theories under which they have been brought are preempted by federal law.  Specifically, plaintiff's state law claims for deceptive trade practice (second claim) and common law unfair competition (third claim) are preempted by the Copyright Act.  Additionally, plaintiff's claims for misappropriation of intellectual property (fourth claim), fraud in the inducement (seventh claim), commercial defamation (eighth claim), intentional interference (tenth claim), breach of the 2011 Agreement (eleventh claim), and breach of good faith and fair dealing of the 2011 Agreement (twelfth claim) are all preempted by the FDCA.

    **1.**    **The Copyright Act preempts plaintiff's state deceptive trade practices and common law unfair competition claims.**

The Copyright Act in 17 U.S.C. § 301(a) provides:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [exclusive rights in copyrighted works] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 [subject matter of copyright: in general] and 103 [subject matter of copyright: compilations and derivative works], whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

In other words, any common law or state claim that attempts to protect the same rights is preempted.

The Ninth Circuit uses a two-part test to determine whether a claim is preempted by the Copyright Act.  *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134 (9th Cir. 2006); *Kodadek v. MTV*, 152 F.3d 1209 (9th Cir. 1998); *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973 (9th Cir. 1987) (overruled on other grounds).  First, preemption will only occur if the work in question falls within the scope of the Copyright Act as set forth in 17 U.S.C. §§102, 103.  *Id.*  Second, the specific state law rights claimed must be commensurate to rights that are protected by the Copyright Act in 17 U.S.C. §301(a).  *Id.*  "To avoid preemption, 'the state cause of action must protect rights which are qualitatively different from copyright rights…The state claim must have an 'extra element' which changes the nature of the action.'" *Montgomery v. eTrepped Techs., LLC*, 2007 U.S. Dist. LEXIS 20208, *5 (D. Nev. Mar. 20, 2007) (citing *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir, 1989)).

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

For example, in *Kodadek v. MTV Networks, Inc.*,152 F.3d 1209 (9th Cir. 1998), the plaintiff filed a complaint alleging causes of action for copyright infringement and unfair competition.  On appeal, the Ninth Circuit reviewed the district court's dismissal of plaintiff's unfair competition claim on grounds that it was preempted by the Copyright Act.  *Id*. at 1212.  The unfair competition claim "incorporate[d] by reference paragraphs from the copyright infringement claim."  *Id.* at 1212.  For this reason, the Ninth Circuit affirmed dismissal of the unfair competition claim because it explicitly relied on the same allegations as the copyright claim.  The Ninth Circuit held:

> Kodadek's complaint, expressly bases his unfair competition claim on rights granted by the Copyright Act.  The Copyright Act grants rights "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies to . . . to the public," and "to display the copyrighted work publically." 17 U.S.C. § 106, *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (overruled another grounds).  Thus, it is clear that Kodadek's state law unfair competition claim is based solely on rights equivalent to those protected by the federal copyright laws.

*Id.* at 1213.

Similarly, in *Montgomery*, the court found that Montgomery's counterclaim for an accounting under Nevada state law was preempted by the Copyright Act.  *Montgomery*, 2007 U.S. Dist. LEXIS at *4.  The court held, "Montgomery's asserted state law rights are equivalent to the right contained in section 106 because he alleges Counterdefendant's wrongfully exploited his copyrighted software and derivative works by sub-licensing the derivative works to the United States Government without authority to do so and without payment to the Trust."  *Id.* at *7-8.

In this case, plaintiff explicitly bases its deceptive trade practices and unfair competition claims on defendants' alleged infringing use of its copyrighted software.  Complaint, ¶¶ 109 ("Defendants' intentional, willful and unlawful use of MedTrak's copyrighted software… to develop, manufacture, market and sale VNG devices…constitutes a violation of NRS § 598.0915..."), 113 ("Defendants' infringing use of MedTrak's copyrighted materials violates MedTrak's rights with full knowledge of MedTrak's rights for the purpose of trading upon MedTrak's goodwill and reputation and the passing off of Defendants' goods as those of

1   MedTrak.")

2       Pursuant to the Copyright Act, "original works of authorship fixed in any tangible

3   medium of expression, now known or later developed, from which they can be perceived,

4   reproduced, or otherwise communicated, either directly or with the aid of a machine or device"

5   are afforded copyright protections.  17 U.S.C. § 102.  Courts, including the Ninth Circuit, have

6   held that computer programs and software source codes fall within this definition.  *Syntek*

7   *Semiconductor Co., Ltd. v. Microchip Tech. Inc.,* 307 F.3d 775, 779 (9th Cir. 2002) (recognizing

8   that computer programs are entitled to copyright protection); *Montgomery*, 2007 U.S. Dist.

9   LEXIS at *6 (recognizing that computer software source code is entitled to copyright protection).

10  Here, MedTrak is alleging that defendants' infringed its software that is used run the VNG

11  devices.  Complaint, ¶¶ 27, 103.  Because software is considered a protected work under the

12  Copyright Act and MedTrak is specifically alleging that defendants infringed its software, the

13  first part of the preemption test is satisfied.

14      The second part of the test is also met because the specific state and common law rights

15  claimed are commensurate to rights that are protected by the Copyright Act.  As in *Kodadek*,

16  plaintiff incorporates by reference his copyright infringement allegations into both the deceptive

17  trade practices and the unfair competition claims.  Complaint, ¶¶ 108, 112 ("Plaintiff realleges

18  and incorporates each and every allegation of the preceding paragraphs as if fully set forth

19  herein.")  Additionally, plaintiff specifically alleges under its deceptive trade practices claim that

20  defendants were unlawfully using its copyrighted software and claiming that that plaintiff did not

21  own the software copyright.  Complaint, ¶¶ 109 ("Defendants' intentional, willful and unlawful

22  use of MedTrak's copyrighted software..."110 ("Defendants intentional, willful and unlawful

23  claim that MedTrak does not own the VNG Software…").  Similarly, under its unfair

24  competition claim, plaintiff alleges that defendants were trading upon its goodwill and reputation

25  and passing off their goods as those as plaintiff's by infringing on its copyrighted materials.

26  Complaint, ¶ 113 ("Defendants' infringing use of MedTrak's copyrighted materials violates

27  MedTrak's rights with full knowledge of MedTrak's rights for the purpose of trading upon

28  MedTrak's goodwill and reputation and the passing off of Defendants' goods as those of

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

6

1 MedTrak.").

2      Just as in *Montgomery*, the deceptive trade practices and unfair competition allegations

3 are asserting rights equivalent to those protected by the Copyright Act because they are premised

4 on defendants' alleged copyright infringement. Complaint, ¶¶ 109-110, 113-115. Neither the

5 deceptive trade practice nor the unfair competition claims contain an extra element that "changes

6 the nature of the action." *Montgomery*, 2007 U.S. Dist. LEXIS at *5. Accordingly, plaintiff's

7 second and third claims for deceptive trade practices and common law unfair competition must

8 be dismissed because the legal theories *and factual scenarios* under which they are brought are

9 preempted by the federal Copyright Act.

10      **2.**     **The FDCA preempts plaintiff's FDA 510(k) registration-related claims.**

11      As set forth in 21 U.S.C. § 337(a), the federal government has the exclusive power to

12 enforce the FDCA:

13      Except as provided in subsection (b), all such proceedings for the enforcement, or
14      to restrain violations, of this Act [21 USCS §§ 301 et seq.] shall be by and in the
     name of the United States.

15      The law precludes private enforcement of FDCA violations. *PhotoMedex, Inc. v Irwin*,

16 601 F.3d 919, 924 (9th Cir. 2010) ("Section 337(a) of the FDCA bars private enforcement of the

17 statute"). Thus, plaintiff lacks standing to assert any claim against defendants for fraudulently

18 registering, renewing and/or claiming ownership to the 510(k) registration.

19      In *Buckman Co. v. Plaintiffs' Legal Committee,* 531 U.S. 341, 343 (2001), the Supreme

20 Court addressed whether the plaintiffs, who were injured by an orthopedic bone screw, could

21 bring a claim against a company that assisted the screw manufacturer in obtaining Food and

22 Drug Administration ("FDA") approval. The plaintiffs, there, claimed that the company made

23 false representations to the FDA in its 510(k) application regarding the intended use of the

24 screws, and, but for theses false representations, the screws would not have been approved and

25 could not have injured the plaintiffs. *Id.* at 343, 347. The Supreme Court noted that the "federal

26 statutory scheme amply empowers the FDA to punish and deter fraud against the Agency," and

27 "the fraud claims exist solely by virtue of the FDCA disclosure requirements." Thus, the Court

28 held that the plaintiffs' claim was preempted by the FDCA and plaintiffs could not bring their

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

1    private personal injury claim.  *Id.* at p. 348, 353.

2         Similarly, in *PhotoMedex*, the plaintiff appealed the trial court's summary judgment

3    ruling that the plaintiff could not bring a claim under the Lanham Act based on the defendants'

4    alleged misrepresentation that its medical device product had received FDA 510(k) clearance

5    because the FDA had exclusive jurisdiction to enforce the FDCA.  *PhotoMedex*, 601 F.3d at 921-

6    923.  In reviewing the issue on appeal, the Ninth Circuit noted that section 337(a) "leaves no

7    doubt that it is the Federal Government rather than private litigants who are authorized to file suit

8    for noncompliance with the medical device provisions." *Id.* at p. 924, quoting *Buckman*, 531

9    U.S at 349 n.4.  The court upheld the trial court's ruling and stated, "Because the FDCA forbids

10   private rights of action under that statute, a private cause of action brought under the Lanham

11   Act may not be pursued when, as here, the claim would require litigation of the alleged

12   underlying FDCA violation in a circumstance where the FDA has not itself concluded that there

13   was such a violation."  *Id.*  The court also noted, "Permitting PhotoMedex to bypass the FDA

14   and instead bring suit would require the court to make a decision the FDA chose not to make."

15   *Id.* at p. 929.

16        Here, as in *Buckman*, plaintiff alleges defendants made false representations to the FDA

17   concerning its 510(k) registration.  Specifically, plaintiff makes numerous allegations that

18   defendants fraudulently claimed ownership of the 510(k) registration and fraudulently registered

19   and/or renewed the registration with the FDA.  Complaint, ¶¶ 67 ("AcuNetx then failed to de-list

20   itself from the FDA 510(k) Registration as required and continued to fraudulently claim that it

21   was the owner of the 510(k) Registration it had assigned to MedTrak."), 76-79 ("AcuNetx

22   fraudulently secured its own new 510(k) registration number for the same VNG device"), 131

23   ("Defendant AcuNetx's listing of itself as the owner and manufacture of this FDA 510(k) device

24   under FDA 510(k) registration number 2028047 was wrongful and unlawfully obtained or

25   renewed by lying to a federal agency."), 133 ("Defendant AcuNetx's actions in wrongfully

26   claiming ownership of, failing to delist itself as the owner or manufacture of, and in registering

27   or renewing the registration of the FDA 510(k) K925111 Registration under its own name

28   constitutes a misappropriation of MedTrak's intellectual property.")  Plaintiff alleges,

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

8

1   "AcuNetx's actions in wrongfully claiming ownership of, failing to delist itself as the owner or

2   manufacturer of, and in registering or renewing the registration of the FDA 510(k) K925111

3   Registration under it own name constitutes a misappropriation of MedTrak's intellectual

4   property."  Complaint, ¶ 133.  This alleged fraudulent 501(k) registration is the basis of

5   plaintiff's claims for misappropriation of intellectual property (fifth claim),  fraud in the

6   inducement (seventh claim), commercial defamation (eighth claim), intentional interference

7   (ninth claim), breach of the 2011 Agreement (eleventh claim), and breach of the covenant of

8   good faith and fair dealing (twelfth claim).

9        For instance, plaintiff alleges in its fraud in the inducement claim that defendants

10   represented that "AcuNetx would assign and transfer the FDA 510(k) K925111 Registration."

11   Complaint, ¶ 151.  Likewise, plaintiff's defamation allegations rely on a "story" allegedly

12   created by defendants that plaintiff "engaged in criminal conduct to stead AcuNetx property and

13   unlawfully delist AcuNetx from the FDA 510(k) Registration and list MedTrak."  Complaint,

14   ¶ 91.  Plaintiff's interference claim stems from defendants' alleged representations that AcuNetx

15   and not plaintiff was the owner of the FDA 510(k) registration, and the breach of the 2011

16   Agreement claim is based on AcuNetx's alleged failure to de-list itself from the FDA 510(k)

17   registration.  Complaint, ¶ ¶ 67, 6-79, 83, 86.

18        As in *PhotoMedex*, because all of these claims  are predicated on plaintiff being the

19   rightful owner of the 510(k) registration, these claims "would require litigation of the alleged

20   underlying FDCA violation in a circumstance where the FDA has not itself concluded that there

21   was such a violation."  *PhotoMedex*, 601 F.3d at 924.  For example, in order for defendants to be

22   liable for misappropriation of the 510(k) registration as alleged in plaintiff's fifth claim for relief,

23   plaintiff will first have to prove that it is the rightful owner of  the 510(k).  Similarly, plaintiff's

24   interference claims allege that defendants were interfering with its business relations by claiming

25   that AcuNetx was the rightful owner of the 501(k) registration.  Complaint, ¶ 79.   Again, to

26   establish these claims, plaintiff would have to prove that it was the rightful owner of the 510(k)

27   registration.  Nevertheless, the determination of who owns the 510(k) registration cannot be

28   made in this lawsuit.  Pursuant to the FDCA neither the court nor a jury can make that factual

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

9

1   determination as it is the exclusive right of the FDA.  Finding a FDCA violation when the FDA

2   had not made the determination itself is contrary to 21 USC § 337.  Thus, the FDCA preempts

3   plaintiffs FDA 510(k) related claims, and these claims must be dismissed.

4   **B.**       **Plaintiff Failed to Plead Sufficient Facts to Support its Claims Against Mr. Hunt.**

5          The claims must be dismissed against Mr. Hunt because plaintiff has failed to plead

6   sufficient facts to support any of its allegations against him.  Plaintiff's allegations are overly

7   generic and bring Mr. Hunt into claims that should clearly have only been asserted against

8   AcuNetx.  As noted above, plaintiff must plead sufficient facts under a cognizable legal theory.

9   *Conservation Force,* 646 F.3d at 1242.  "[A] formulaic recitation of the elements of a cause of

10  action will not do."  *Twombly*, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders

11  'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678, quoting

12  *Twombly*, 550 U.S. at 557.

13         In *Iqbal*, the Supreme Court determined if the complaint at issue alleged sufficient facts

14  to survive a motion to dismiss.  *Id*. at 677-678.  The Court noted, "A claim has facial plausibility

15  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

16  that the defendant is liable for the misconduct alleged."  *Id*. at 678.  The Court also noted that

17  "legal conclusions can provide the framework of a complaint, they must be supported by factual

18  allegations."  *Id*. at 679.  While a court must accept factual allegations as true for purposes of a

19  motion to dismiss, legal conclusions are "not entitled to the assumption of truth."  *Id*. at 680,

20  citing *Twombly*, 550 U.S. at 555.

21         The Court utilized a two part analysis to determine if the complaint contained sufficient

22  allegations to state a claim for relief.  *Id*. 679.  First, the court examined the complaint to

23  ascertain which allegations were not entitled to the assumption of truth because they were "bare

24  assertions" or conclusions of law.  *Id*. at 680-681.  The Court found the petitioner's allegations,

25  such as the one asserting that the petitioners "'knew of, condoned, and willfully and maliciously

26  agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on

27  account of [his] religion, race, and/or national origin and for no legitimate phonological interest,"

28  were just a bare recitation of the elements of the claims and were not entitled to the assumption

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

10

1    of truth.  *Id*. at 681.

2         Next, the court examined the complaint to determine if the factual allegations plausibly

3    suggested entitlement for relief.  *Id*.  Finding that the facts alleged were not plausible, the court

4    stated, "He would have to allege more by way of factual content to 'nudge' his claim for

5    purposeful discrimination 'across the line from conceivable to plausible.'"  *Id*. at 683.  The Court

6    then held that the complaint failed to plead sufficient facts to state claim for purposeful and

7    unlawful discrimination against the petitioners.  *Id*. at 687.

8         Here, instead of asserting distinct facts that explain how Mr. Hunt is personally liable for

9    its claims, plaintiff attempts to base Mr. Hunt's liability through its factual allegations that refer

10   solely to defendant AcuNetx.  In the complaint, the vast majority of factual allegations refer

11   solely to AcuNetx.  Indeed, plaintiff has failed to allege a single fact to support its claims against

12   Mr. Hunt for copyright infringement, unfair competition, misappropriation of trade secrets or

13   intellectual property, breaches of contract, or breaches of the covenant of good faith and fair

14   dealing.

15        For example, without naming Mr. Hunt or even using the plural "defendants," plaintiff

16   alleges that AcuNetx breached the 2006, 2009, and 2011 Agreements, but later generically

17   asserts that "defendants" are liable for these claims.  Complaint, ¶¶ 41-42, 49-51, 65, 179-214.

18   Plaintiff impermissibly lumps Mr. Hunt into the breach of contract and breach of the covenant of

19   good faith and fair dealing claims, despite specifically acknowledging that the parties to all of the

20   agreements were itself and AcuNetx.  Complaint, ¶¶ 35-36, 43, 47, 59.  Mr. Hunt was never a

21   party to any of these agreements and he cannot be held liable in his individual capacity for the

22   alleged breaches.  *Calloway v. City of Reno*, 116 Nev. 250, 256, 993 P.2d 1259, 1263 (2000) ("A

23   breach of contract may be said to be a material failure of performance of a duty arising under or

24   imposed by agreement.");  *Tene v. BAC Home Loan Servicing LP*, 2012 U.S. Dist. LEXIS 8285

25   at *4-5 (D. Nev. Jan. 24, 2012) (noting that the first element of breach of contract is "the

26   existence of a valid contract").  As in *Iqbal*, with regards to Mr. Hunt, MedTrak has merely

27   recited the elements of these claims instead of alleging plausible claims.  Accordingly, the

28   eleventh through sixteenth claims against Mr. Hunt should be dismissed.

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

11

1    Similarly, plaintiff solely names AcuNetx as the party who allegedly secured the FDA

2   510(k) registration by fraudulent means and misappropriated plaintiff's intellectual property.

3   Complaint, ¶¶ 76, 129-133.  In fact, the only allegations that specifically relate to Mr. Hunt's

4   own conduct that are not merely "conclusory, unwarranted deductions of fact," "unreasonable

5   inferences, " or a recitation of the elements of the claims involve false representations he

6   allegedly made to the FDA and plaintiff's vendors.  See *Sprewell*, 266 F.3d at 988; *Iqbal*, 556

7   U.S. at 678.  These allegations alone are not sufficient to support any of the claims against Mr.

8   Hunt.  Without additional facts, the claims against Mr. Hunt are not plausible.

9    As another example of the foregoing deficiencies, in its fraud in the inducement claim,

10   instead of pleading the claim with particularity as required by Rule 9 of the Federal Rules of

11   Civil Procedure, plaintiff merely recites the elements of fraud by stating that "Hunt and

12   AcuNetx" knew the representations were false, made the statements with the intent to induce

13   plaintiff to rely on them and continue doing business with AcuNetx, that plaintiff justifiably

14   relied, and was damaged as a result.  Complaint, ¶¶ 152-154.  However, as noted in *Iqbal*,

15   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16   statements, do not suffice."  *Id*.  "To survive a motion to dismiss, a complaint must contain

17   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

18   *Id*.  Plaintiff has failed to do that here, and, as such, the complaint must be dismissed.

19   **C.**    **Plaintiff Failed to Plead Sufficient Facts of Participation or Alter Ego.**

20    All of plaintiff's claims against Mr. Hunt stem from his association with defendant

21   AcuNetx.  Mr. Hunt was not a party to any of the agreements referenced in the complaint and all

22   of his alleged conduct relates to his role as AcuNetx's CEO.  For example, plaintiff's copyright

23   infringement, deceptive trade practices, unfair competition, misappropriation of trade secrets and

24   intellectual property, breach of contract, and breach of the covenant of good faith and fair

25   dealing claims all specifically involve alleged actions taken by AcuNetx in the operation of its

26   business.  Compliant, ¶¶ 49-51, 65, 102-103, 109, 113, 122, 133.  As noted above, plaintiff has

27   not made any factual allegations regarding Mr. Hunt's actual involvement in any of the alleged

28   conduct that relates to those claims.  Even plaintiff's fraud in the inducement, commercial

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

12

1   defamation, and intentional interference claims, as previously stated, relate to the dispute

2   AcuNetx had with plaintiff concerning the rightful ownership of the VNG device FDA 510(k)

3   registration.  In other words, any alleged involvement of Mr. Hunt with those claims directly

4   relate to his role as CEO of AcuNetx.

5   Nevertheless, Mr. Hunt's liability for the claims against AcuNetx cannot be based on his

6   role as CEO alone.  Under the copyright infringement claim, Mr. Hunt can only be liable if he

7   "personally took part in the commission of the tort or specifically directed other officers, agents,

8   or employees of the corporation to commit the tortious act."  *Orthokinetics, Inc. v. Safety Travel*

9   *Chairs, Inc.,* 806 F.2d 1565, 1579 (Fed. Cir. 1986).  Yet, plaintiff has completely failed to plead

10  any facts that Mr. Hunt personally took part in any infringing conduct or that he directed others

11  to infringe any copyright.  Plaintiff merely alleges that it owns the copyrighted software and then

12  generically states that "Defendants' unauthorized copying and use of the VNG Software….is an

13  infringement of MedTrak's copyrights in violation of 17 U.S.C. § 501."  Complaint, ¶¶ 100-103.

14  The complaint is completely void of any allegations that explain Mr. Hunt's role in the alleged

15  infringement or that separate his conduct from that of AcuNetx.

16  With regard to the remaining claims, all brought under Nevada law, plaintiff must

17  establish that Mr. Hunt was AcuNetx's alter ego in order to impose liability on Mr. Hunt.

18  Pursuant to NRS 78.747(1), "Except as otherwise provided by specific statute, no stockholder,

19  director or officer of a corporation is individually liable for a debt or liability of the corporation,

20  unless the stockholder, director or officer acts as the alter ego of the corporation."  But plaintiff

21  has failed to plead sufficient facts in its complaint to support an alter ego allegation.  In order to

22  prove that Mr. Hunt is the alter ego of AcuNetx, MedTrak would need to demonstrate that: (1)

23  the corporation is influenced and governed by the person asserted to be its alter ego, (2) there is

24  such unity of interest and ownership that one is inseparable from the other, and (3) the facts are

25  such that adherence to the fiction of separate entity would, under the circumstances, sanction a

26  fraud or promote injustice.  NRS 78.747(2)[1]; *Basic Mgmt. Inc. v. United States*, 569 F. Supp. 2d

27

28  _____
    [1] Additionally, NRS 78.747(3) states, "The question of whether a stockholder, director or officer
    acts as the alter ego of a corporation must be determined by the court as a matter of law."

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

1   1106, 1117-18 (D. Nev. 2008); *North Arlington Medical Bldg., Inc. v. Sanchez Constr. Co.*, 86

2   Nev. 515, 520, 471 P.2d 240, 243 (1970).  "Each of these requirements must be present before

3   the alter ego doctrine can be applied."  *North Arlington Medical*, 86 Nev. at 520-21.

4       Plaintiff has completely failed to allege any facts in the complaint that Mr. Hunt

5   influences and governs AcuNetx, commingled funds, undercapitalized the company, treated

6   corporate assets as his own, or failed to observe corporate formalities.  Plaintiff merely makes

7   the conclusory and unfounded allegation that Mr. Hunt is the equitable owner of AcuNetx

8   without providing any actual facts to support the allegation.  Complaint, ¶¶ 215-219.  Instead,

9   plaintiff bases its entire allegation that Mr. Hunt is the alter ego of AcuNetx on its single

10  unfounded assertion that Mr. Hunt transferred some AcuNetx funds into a bank account solely

11  under his control.  Complaint, ¶ 217.  While Mr. Hunt maintains that he never transferred any of

12  AcuNetx funds without authorization, this false "fact" alone is not sufficient to establish that Mr.

13  Hunt is AcuNetx's alter ego.  Accordingly, because plaintiff has not sufficiently pled allegations

14  that Mr. Hunt participated in or directed others to infringe any copyright nor pled sufficient

15  allegations that Mr. Hunt was the alter ego of AcuNetx, all claims must be dismissed.

16  **D.**    **Mr. Hunt's Motion Should be Granted Without Leave to Amend.**

17      Upon the grant of a motion to dismiss, a plaintiff need not be given an opportunity to

18  amend his pleading if such amendment would be futile.  *Albrecht v. Lund*, 845 F.2d 193, 195

19  (9th Cir. 1988), amended by 856 F.2d 111 (9th Cir. 1988)  (Dismissal without leave to amend is

20  proper where the "district court determines that the allegation of other facts consistent with the

21  challenged pleading could not possibly cure the deficiency.") (quoting *Schreiber Distrib. Co. v.

22  Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In amending one pleading, a

23  plaintiff cannot re-plead to "contradict [its] earlier allegations."  *Cline v. Indus. Maint. Eng'g &

24  Contracting Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000).  Thus, "when the allegations in a

25  complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency

26  should … be exposed at the point of minimum expenditure of time and money by the parties and

27  the court."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotations and

28  citations omitted).

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

1    In this matter, as demonstrated herein, it is apparent that plaintiff's complaint is incapable

2    of cure.  Many of plaintiff's claims are preempted by federal law, and plaintiff was unable to

3    sufficiently plead alter ego facts because such facts do not exist.  Therefore, this motion to

4    dismiss is properly granted without leave to amend.

5                                    **V.**    **CONCLUSION**

6    Plaintiff has failed to state any claims against Mr. Hunt upon which relief can be granted.

7    The claims against Mr. Hunt all lack sufficient facts to support any cognizable legal theory of

8    liability against him personally.  Many of plaintiff's claims are also preempted by federal law.

9    Finally, plaintiff has failed to sufficiently allege facts that Mr. Hunt is the alter ego of AcuNetx,

10   and he cannot otherwise be personally liable for the conduct of AcuNetx.  Mr. Hunt therefore

11   respectfully requests that all claims against him be dismissed without leave to amend.

12   DATED this 27th day of December, 2012.

13

14                                           Respectfully submitted,

15                                           GORDON & REES LLP

16                                           /s/ Craig J. Mariam
                                             CRAIG J. MARIAM, ESQ.
17                                           Nevada Bar No. 10926
                                             JOSEPH P. HARDY, ESQ.
18                                           Nevada Bar No. 7370
                                             3770 Howard Hughes Parkway, Suite 100
19                                           Las Vegas, Nevada   89169

20                                           *Attorneys for defendant Chapin Hunt*

21

22

23

24

25

26

27

28

Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

1

**<u>CERTIFICATE OF SERVICE</u>**

2      I HEREBY CERTIFY that on the 27th day of December, 2012, a copy of the foregoing

3 **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A**

4 **CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

5 was filed electronically. Notice of this filing will be sent by operation of the Court's electronic

6 filing system to all parties indicated on the electronic filing receipt. All other parties will be

7 served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing

8 system.

9

10

11      An Employee of Gordon & Rees LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MNTR/1082463/14383727

**Gordon & Rees LLP**
**3770 Howard Hughes Parkway, Suite 100**
**Las Vegas, Nevada 89169**