# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MEDTRAK VNG, INC.,

    Plaintiff,

v.

ACUNETX, INC., *et al.*,

    Defendants.

Case No. 2:12-cv-00853-LDG (GWF)

**ORDER**

    Defendant Chapin Hunt moves to dismiss (#46) plaintiff MedTrak VNG, Inc.'s complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), for failure to state a claim. MedTrak opposes the motion (#49). Having considered the papers and pleadings, the Court will deny the motion.

<u>Motion to Dismiss</u>

    The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

2

## Federal Copyright Does Not Preempt MedTrak's State Deceptive Trade Practices and Unfair Competition Claims

The parties agree that the Ninth Circuit has established a two-pronged test to determine Copyright Act preemption. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). Only where (1) the subject matter in the claim is within the subject matter of the Copyright Act; and (2) the state law rights are equivalent to rights protected under the Copyright Act, may the claim be preempted. *Laws*, 448 F.3d at 1137-38; *see also Salestraq America, LLC v. Zyskowski*, 635 F.Supp. 2d 1178, 1184 (D.Nev. 2009) (holding that a state law claim is preempted only if the copyright infringement "necessarily violates a state created right...") (emphasis added). In other words, if a plaintiff can possibly prevail on a state law claim without a corresponding act of infringement by defendant, the relief sought is not legally "equivalent" to a protected right under the Copyright Act and thus cannot be preempted. *See id*.

MedTrak concedes that the first prong of this test has been met, as the VNG Software at issue is protected by copyright. MedTrak argues that the second prong is not met because its state law claims are not "equivalent" to its federal copyright claim. The Ninth Circuit has held that state law claims are not equivalent–and thus not preempted-- when the following conditions are present: (a) the state claim protects different rights from those of copyright (which protects only the rights of "reproduction, preparation of derivative works, distribution, and display"), and (b) the state claim has an "extra element" than that of a federal copyright claim. *Del Madera Properties v. Rhodes and Gardner, Inc.,* 820 F.2d 973, 977 (9th Cir. 1987) *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Under Nevada law, a person engages in a deceptive trade practice if he, among other things, "(1) knowingly passes off goods or services for sale or lease as those of

another person . . . , (3) knowingly makes a false representation as to affiliation, connection, association with or certification by another person, . . . (8) disparages the goods, services or business of another person by false or misleading representation of fact, . . . (14) fraudulently alters any contract . . . or other document in connection with the sale of goods or services." *See* NRS 598.0915.  Copyright infringement, on the other hand, requires a plaintiff to prove "(1) ownership of a valid copyright, and (2) actionable copying by the defendant of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); 17 U.S.C. §501(a).

      MedTrak has alleged that Hunt not only improperly misappropriated and copied the protected VNG software, but that he intentionally deceived consumers through false representations about its ownership and quality.  *See* Complaint at ¶ 109-110.  MedTrak has not only alleged Hunt's infringing use of the copyrighted material, but that Hunt intentionally claimed and informed consumers that MedTrack did not own the copyrighted material or the FDA Registration necessary to manufacture, market, and sell the VNG devices.  These specific allegations of deception and misrepresentation have no counterpart under the Copyright Act, constituting the necessary "extra element" necessary to defeat Hunt's argument that federal copyright law preempts MedTrak's state claim for deceptive trade practices.

      Similar to deceptive trade practices, an unfair competition claim survives preemption under the Copyright Act when the claim is not solely based on an act of infringement. MedTrak's common law unfair competition claim involves specific allegations of improper "passing off" and consumer deception, constituting the necessary "extra element" necessary to defeat Hunt's argument that federal copyright law preempts the state claim. MedTrak has expressly alleged that Hunt and AcuNetXfraudulently used the copyrighted materials "for the purpose of trading upon MedTrak's goodwill and reputation and the passing off of Defendants' goods as the goods of another."  *See* Complaint at ¶ 113.

<u>Federal Food, Drug, and Cosmetic Act (FDCA) Does Not Preempt MedTrak's Claims for Misappropriation of Intellectual Property, Fraud in the Inducement, Commercial Defamation, Intentional Interference with Contractual Relations, Breach of Contract (2011 Agreement), and Breach of Good Faith and Fair Dealing</u>.

Hunt argues that the above-listed claims are preempted because MedTrak has alleged that the defendants fraudulently represented to the Food and Drug Administration that they owned the 510(k) registration, and fraudulently registered and renewed the registration with the FDA. As set forth in 21 U.S.C. § 337(a), the federal government has the exclusive power to enforce the FDCA:

> Except as provided in subsection (b), all such proceedings for the enforcement, or to restrain violations, of this Act [21 USCS §§ 301 et seq.] shall be by and in the name of the United States.

In short, private enforcement of FDCA violations is prohibited. *PhotoMedex, Inc. v Irwin*, 601 F.3d 919, 924 (9th Cir. 2010) ("Section 337(a) of the FDCA bars private enforcement of the statute"). That private enforcement of FDCA violations is prohibited, and that MedTrak has alleged potential violations of the FDCA does not, however, establish that claims referencing the 510(k) registration are improper efforts to enforce the alleged violations. MedTrak alleges that it owned the registration. MedTrak may be able to show that ownership without having to establish that Hunt violated the FDCA. MedTrak has alleged that Hunt claimed ownership of the 510(k) registration, and made this claim to MedTrak consumers. MedTrak may be able to establish that Hunt claimed that ownership without establishing that Hunt also claimed that ownership to the FDA. MedTrak has alleged that Hunt falsely represented to MedTrak that it would assign and transfer the 510(k) registration to MedTrak. MedTrak may be able to establish this false representation without establishing that Hunt made an inconsistent representation to the FDA. The Court finds that the FDCA does not preempt any of MedTrak's claims.

Finally, the Court finds that, in light of the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," and the requirement that alleged factual matter must be accepted as true, MedTrak has pled sufficient facts to permit its claims to go forward.

Therefore,

THE COURT **ORDERS** that Defendant Chapin Hunt's Motion to Dismiss (#46) is DENIED.

DATED this ___26___ day of September, 2013.

_____
Lloyd D. George
United States District Judge